IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Earl O. Graham, Sr.; E.O.G, *a minor*; B.J.G., *a minor*, | ) C/A No.: 3:11-3374-MBS-PJG ) |
| Plaintiffs, | ) ) |
| vs. | ) **REPORT AND** ) **RECOMMENDATION** |
| Leon Lott; and Daniel E. Johnson, | ) ) |
| Defendants. | ) ) |
| _____ | ) |

Plaintiff Earl O. Graham, Sr., who is self-represented, files this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff also filed this action on behalf of E.O.G. and B.J.G., his minor children. Plaintiff alleges he is a pretrial detainee in the Alvin S. Glenn Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants Sheriff of Richland County Leon Lott, and the Solicitor of the Fifth Judicial Circuit in the State of South Carolina, Daniel E. Johnson.[1] Plaintiff alleges he has been falsely arrested, raises state law claims such as negligence, invasion of privacy, deprivation of property, intentional infliction of emotional distress, and verbal abuse or threats ("smear campaign"), claims he has been maliciously prosecuted and also asserts there have been violations of 42 U.S.C. § 1985 and the Federal Racketeer Influenced and Corrupt Organization Act ("RICO"), found under 18 U.S.C. § 1962. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

---

[1] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## BACKGROUND

Plaintiff alleges in his Complaint that he has been falsely imprisoned as a result of a "pattern of racketeering" and "was unable to work or seek employment." (Compl., ECF No. 1 at 6.) He also states he "was subjected to 'intentional interference with contracts and interference with prospective business relations.' " According to the Complaint, a pattern of racketeering exists within the Richland County Sheriff's Office, including "drugs, election fraud, murder, money laundering, election campaign fraud, bribery of elected officials, acts of collusion, intimidation, tax evasion, Hatch Act violations, extortion, deceit and sex for favors." Plaintiff states this is a violation of the equal protection clause under the 14th and 5th Amendments to the Constitution and that "Lotts organization within the Sheriff department was established to be intentionally discriminatory in nature to accomodate the Pattern of Racketerring (R.I.C.O.) violations . . . ." Plaintiff maintains that "Local African American, alleged drug dealers, have been singled out by the Sheriff's task forces." (Id. at 6-9.)

Plaintiff further alleges that Defendant Daniel E. Johnson, as reported to him by his children, was "coming to their home, sleeping with their mother, having sex, eating their food . . . and taking showers." The children also stated "Dad, we have been to his home that mom helped decorate, we met him in Myrtle Beach and [the children's grandmother] cooked for him." Plaintiff also alleges that Johnson told the Plaintiff's children that Plaintiff was in jail. Plaintiff alleges he reported this conduct to Defendant Lott who "refuse[d] to investigate or look into this matter. A smear campaign was launched by [the defendants] to intimidate myself and children." Plaintiff alleges he became a target of "countless co-conspirators." In fact, Plaintiff claims a face to face meeting with Governor Haley was

established concerning "excessive force, nepotism and discrimination was address on statewide TV." (Id. at 13-14.)

Plaintiff alleges "the defendant" participated directly in the Constitutional violations, failed to remedy the wrong, created a policy or custom, was grossly negligent in supervising subordinates, and was deliberately indifferent to the rights of the Plaintiff. Plaintiff states "[t]here is evidence that Federal and State officials acted/engaged in a conspiracy or symbiotic venture to violate Plaintiff's rights . . . under color of state law . . . pursuant to an alleged state arrest warrant for violation of State Law." He states that "Sheriff Leon Lott's class-based, invidiously 'discriminatory animus' behind the conspirator's action, is and will be claimed under the first clause of §1985 . . ." (Id. at 7, 12.)

He also claims Leon Lott violated the Administrative Procedures Act ("APA") and "Mandamas," and states his "organization" participated "in intentional Tort as well as Negligence[,] False Arrest and imprisonment, malicious prosecution, invasion of privacy and various torts involving deprivations of property. The intentional infliction of mental and emotional distress combined with their outrageous conduct caused extreme harm to my children and myself." Plaintiff does not indicate what type of relief he seeks from this court. (Id. at 8.)

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

**A.     Claims brought on behalf of minor children**

The plaintiff is proceeding *pro se* in this case. While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend the right of self representation to directing the litigation of others. Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 400 (4th Cir. 2005) ("The right to litigate for oneself, however, does not create a coordinate right to litigate for others.") (emphasis in original). This principle is extended to litigation by parents on behalf of their minor children. The law is well established that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Myers, 418 F.3d at 401. The prohibition of *pro se* parents litigating on behalf of their minor children "ensures the children's interests are not prejudiced by their well-meaning, but legally untrained parents." Id. Plaintiff Graham may

not proceed on behalf of his minor children; therefore, E.O.G and B.J.G. should be dismissed as parties to this lawsuit.

**B.     False Arrest**

Plaintiff's Complaint claims false arrest, which could be construed as a claim for unconstitutional deprivation of liberty under the Fourth Amendment's prohibition of unreasonable seizures. The Complaint, however, indicates Plaintiff was arrested pursuant to a warrant. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). The Complaint does not allege that the arrest warrant was not facially valid or allege any defects in the arrest warrant itself. Plaintiff simply states his rights were violated under color of state law pursuant to "an alleged state arrest warrant for violation of State Law." Plaintiff provides no other information regarding the warrant. It is well settled that it is not the duty of the arresting officer to assess guilt or innocence, but merely to serve the warrant.

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a § 1983 action—is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (footnote omitted). An arresting officer is generally entitled to rely on a facially valid warrant in effecting an arrest. The Complaint fails to state a claim under § 1983 for violation of the Fourth Amendment's guarantee of the "right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . and [that] no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." The Complaint's § 1983 claim for false arrest should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    "Smear Campaign"**

An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). While defamation is considered a tort actionable under state law in South Carolina, it is not considered a constitutional deprivation. See, e.g., Siegert v. Gilley, 500 U.S. 226, 233 (1991). Therefore, the defendants are entitled to summary judgment on Plaintiff's claims relating to an alleged "smear campaign." To the extent that Plaintiff is raising state tort claims, the court recommends that supplemental jurisdiction over them be declined. See 28 U.S.C. § 1367(c)(3) (permitting a federal court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

**D.    Federal Racketeer Influenced and Corrupt Organization Act ("RICO")**

Plaintiff attempts to raise civil RICO claims against the defendants. To advance a civil claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Lum v. Bank of Am., 361 F.3d 217, 223 (3rd Cir. 2004) citing Sedema, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479 (1985). A "pattern of racketeering activity" requires at least two "predicate acts," which may include mail fraud

or obstructing justice. Id.; 18 U.S.C. § 1961(1), (5). After reviewing Plaintiff's Complaint liberally, and in the light most favorable to him, the court finds the Complaint to be devoid of any language or facts that could be construed to allege a civil RICO violation.

**E.     Malicious Prosecution**

Plaintiff also raises a malicious prosecution claim. This claim is subject to summary dismissal because a right of action with respect to the plaintiff's pending criminal proceedings has not yet accrued. As the Heck Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477 (1994); see, e.g., Norris v. Patsy, 1994 WL 443456 (N.D. Cal. July 29, 1994) (applying Heck to a pre-trial detainee).

**F.     Section 1985**

To state a valid 42 U.S.C. § 1985(3) conspiracy claim, a plaintiff must prove the following: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Moreover, the plaintiff "must show an agreement or a meeting of the minds by [the] defendants to violate the

[plaintiff's] constitutional rights." Id. at 1377 (internal quotation marks omitted). Courts have specifically rejected Section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts. A Society Without a Name v. Virginia, 655 F.3d 342 (4th Cir. 2011). Here, Plaintiff has failed to provide any concrete supporting facts, instead relying upon assertions that a conspiracy exists, based on race alone.

G. **Other state law claims**

The state law claims of negligence, invasion of privacy, deprivation of property, and intentional infliction of emotional distress do not state a claim for deprivation of federal rights under § 1983. At most, the Complaint alleges claims based on state law, and this court has limited jurisdiction to consider such claims. Plaintiff's state law claims could be heard by this court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims, Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 387 (1998); however, no valid federal claim has been presented to which the state law claims could attach. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Under supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Clause (c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. Id.

A civil action for Plaintiff's state law claims could also be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-

five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). This court does not have diversity jurisdiction in this case because Plaintiff and the defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal.) It is further recommended that the court decline supplemental jurisdiction over Plaintiff's state law claims.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).